IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-36-BO
No. 7:17-CV-179-BO

| | | |
|---|---|---|
| DIMITRI LESEAN MURRAY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion opposing relief as to all but one claim. For the reasons discussed below, an evidentiary hearing is required and will be set by separate notice.

Petitioner, Dimitry Murray, pleaded guilty without a written plea agreement to the five counts of his indictment: possession with the intent to distribute a quantity of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) (count one); possession of a firearm and ammunition in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (count two); possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count three); obstruction of justice, in violation of 18 U.S.C. § 1503 (count four); and witness tampering, in violation of 18 U.S.C. § 1512(b)(1) (count five). He was sentenced to 72 months' imprisonment on counts one, three, four and five, concurrent, and 60 months on count two, consecutive to the rest.

In the Fourth Circuit, counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance. *United States v. Peak*, 992 F.2d 39, 41-42 (4th Cir. 1993). When a

petitioner alleges that his counsel did not file such an appeal despite a request to do so, an evidentiary hearing is appropriate. *See United States v. Witherspoon*, 213 F.3d 923, 926-28 (4th Cir. 2000). That is the case here, and so the Court will hold an evidentiary hearing on petitioner's claim that he instructed his attorney to file a direct appeal.

Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the Court appoint counsel to represent petitioner at an evidentiary hearing if he meets the indigency requirements. *See also United States v. Harris*, 217 F.3d 841 (4th Cir. 2000) (unpublished table decision). ). As petitioner was previously determined to meet the indigency requirements, Raymond Tarlton is hereby APPOINTED to represent petitioner for this evidentiary hearing. 18 U.S.C. § 3006A. Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings the Court will conduct the hearing as soon as is practicable after giving the attorneys adequate time to investigate and prepare. The court will consider petitioner's remaining claims and the government's response after it has conducted the evidentiary hearing.

For the foregoing reasons, the Court will hold an evidentiary hearing as to petitioner's claim that he instructed his attorney to file a direct appeal. The clerk is DIRECTED to provide a copy of this order to the Office of the Federal Public Defender and Raymond Tarlton.

SO ORDERED, this _10_ day of January, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2